

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LORETTA LYNN ERIKSEN,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | CV 14-155-BLG-SPW<br><br>ORDER |

Plaintiff Loretta Lynn Eriksen brought suit against Defendant Wal-Mart Stores, Inc., alleging violations of the Family Medical Leave Act ("FMLA"), after she was terminated from her employment as an overnight stocker. Before the Court are Wal-Mart's motions in limine to exclude 20 categories of various testimony and evidence at the trial on June 12, 2017. (Doc. 56).

At this pretrial stage, the Court deals with Wal-Mart's contentions as set forth below. Wal-Mart seeks to exclude any and all reference to all the following matters:

A.  Any reference to any damages related to alleged workplace-related injuries or exacerbation of alleged injury/condition.

1

Ruling: Denied as overly broad. Eriksen concedes that she is not claiming Wal-mart caused the injury which formed the basis for her FMLA request. It is unclear to what extent she is arguing that those injuries were exacerbated by Wal-Mart's alleged FMLA violations. See Section D, *infra*.

B.  Treating physician causation testimony not disclosed under Fed. R. Civ. P. 26.

Ruling: Granted. Federal Rule of Civil Procedure 26(a)(2) requires a party to timely disclose a written report of a witness "if the witness is one retained or specially employed to provide expert testimony in the case. . . ." As the Ninth Circuit explained, treating physicians are generally excused from the expert report requirement because "they are a species of percipient witness. They are not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819-20 (9th Cir. 2011).

Here, Eriksen's treating doctor rendered treatment at a later date, after Eriksen was no longer employed with Wal-Mart. Eriksen did not file an expert report. Accordingly, to remain in compliance with Rule 26(a)(2), her treating physician may testify to the treatment he rendered, the time frames associated with

Eriksen's surgery and recuperation period, and whether those time frames would apply had she received the surgery earlier, when employed with Wal-Mart. All such testimony properly falls under his treatment as her physician. Without a report, however, her treating physician may not testify about whether physical work with Wal-Mart would have exacerbated her physical injury had she been working there when she got the surgery. Not only is that expert opinion testimony, it is speculative and her treating physician lacks foundation to provide it.

C. Testimony by Eriksen as to her own medical or causation opinion.

Ruling: Granted. Fed. R. Evid. 401, 402, 403, 701 & 702.

D. Arguments regarding an exacerbation theory under the FMLA.

Ruling: The Court recognizes that the "exacerbation theory" has been rejected by at least one Circuit Court and some district courts in the Ninth Circuit. *See Edgar v. JAC Prod. Inc.,* 443 F.3d 501 (6th Cir. 2001); *Santrizos v. Evergreen Federal Savings & Loan Ass'n,* 2007 WL 3544211 (D. Or 2007). However, it is not clear at this stage and without the benefit of the evidence to be offered by the parties, that Eriksen is arguing the "exacerbation theory." Accordingly, Wal-Mart's motion is granted only to the extent that Eriksen argues that Wal-Mart's alleged FMLA violations exacerbated her physical injuries that formed the basis for her FMLA request.

E. Evidence of wage damages after Eriksen's termination.

Ruling: Denied. Wal-Mart's motion in limine appears to be based on testimony elicited from Eriksen prior to her 2016 surgery. (*See* Doc. 57 at 10 (citing Eriksen's 2015 deposition testimony)). Eriksen's renewed position is that she could do the job, (*see* Doc. 58 at 6-7), therefore wage damages may be relevant.

F. Eriksen's return to work document.

Ruling: Denied. As noted above, Wal-Mart's motion in limine appears to be based on testimony elicited from Eriksen prior to her 2016 surgery. Eriksen's position appears to be that she is physically capable of doing her job with Wal-Mart, accordingly, her return to work document may become relevant. The Court acknowledges Wal-Mart's argument that the document was produced after the close of discovery. However, Eriksen asserts that she provided the records and reports in 2016, as soon as the surgery and her recovery was complete. Since then, Wal-Mart has not raised any issues regarding her 2016 surgery, or the late disclosures, nor has Wal-Mart sought to re-depose Eriksen since her recovery, or depose her doctor, or obtain its own experts on the issue.

G. Reference to "me too" evidence, including allegations that Wal-Mart has discriminated against other employees.

Ruling: Granted. This evidence applies to Eriksen's wrongful discharge claim which has been dismissed.

H. Any subjective witness opinions regarding Eriksen's mindset or whether Wal-Mart engaged in discrimination.

Ruling: Granted to the extent that Eriksen may not testify to legal opinions. To the extent Wal-Mart's motion seeks any additional limitation, at this stage and without the benefit of the evidence to be offered by the parties, the Court cannot intelligently rule. The motion is otherwise denied as premature and overly broad. Wal-Mart may renew any related objection at trial.

I. Any reference to any of Eriksen's previously undisclosed damages or damages the jury is not permitted to award.

Ruling: Both parties are expected to comply with the rules of evidence and the court's instructions. The motion is denied subject to renewal at trial.

J. Any reference to other lawsuits against Wal-Mart.

Ruling: At this stage and without the benefit of the evidence to be offered by the parties, the Court cannot intelligently rule. The motion is denied as premature and overly broad. Wal-Mart may renew its objection at trial in the event the need arises.

K. Reference to Wal-Mart's financial status or wealth, or comparisons of financial status.

Ruling: Granted. The FMLA, by its terms, "only provides for compensatory damages and not punitive damages." *Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n. 6 (9th Cir.2003) (citing 29 U.S.C. § 2617(a)).

L. Reference to the "Golden Rule," or request that the jury put themselves into Eriksen's place and give her what the members of the jury would want if they were allegedly injured as Eriksen has alleged.

Ruling: Granted.

M. Questions on voir dire or argument that requests the jurors do anything other than follow the Court's instructions.

Ruling: Both parties are expected to comply with the rules of evidence and the court's instructions. The motion is denied subject to renewal at trial.

N. Evidence regarding settlement discussions, negotiations, or an offer of judgment.

Ruling: Both parties are expected to comply with the rules of evidence. The motion is denied subject to renewal at trial.

O. Reference or comment regarding any action of this Court concerning any pre-trial motions, including but not limited to, motions for summary judgment, motions to compel, discovery disputes, and motions in limine.

Ruling: At this stage there is no indication Eriksen intends to use the Court's rulings for any improper purpose. The motion is denied subject to renewal at trial.

P.   Any argument or suggestion that the verdict should punish Wal-Mart or send a message to any individual or entity.

Ruling: Granted. The FMLA, by its terms, "only provides for compensatory damages and not punitive damages." *Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n. 6 (9th Cir.2003) (citing 29 U.S.C. § 2617(a)).

Q.   Work history or discipline of Wal-Mart's witnesses.

Ruling: At this stage and without the benefit of the evidence to be offered by the parties, the Court cannot intelligently rule. The motion is premature and overly broad. The motion is denied subject to renewal at trial.

R.   Eriksen's testimony that she would have received a management position at Wal-Mart.

Ruling: Granted. Eriksen's statements that she would have applied for a future position and received a promotion is speculation, and is insufficient as a matter of law to establish future wages. Accordingly, the court finds that it is not relevant to her future damages and would only serve to confuse the jury.

S.   Any suggestion that Eriksen's workers' compensation settlement was insufficient or inadequate to obtain additional compensation for a work-related injury in this case.

Ruling: Granted. Eriksen does not object to this ruling, provided Wal-Mart does not open the door to this evidence.

T.   Any claims that have been dismissed or not alleged in the Complaint.

Ruling: At this stage and without the benefit of the evidence to be offered by the parties, the Court cannot intelligently rule. The motion is premature and overly broad. The motion is denied subject to renewal at trial.

For the foregoing reasons, Wal-Mart's motions in limine (Doc. 56) are granted in part and denied in part.

DATED this 25th day of April 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge